UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

DONALD DAGGETT,

    Plaintiff,

vs.

JOHNSON BROS. CORPORATION, A SOUTHLAND COMPANY,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DONALD DAGGETT ("Mr. Daggett" or "Plaintiff"), by and through undersigned counsel, files this Complaint against Defendant, JOHNSON BROS. CORPORATION, A SOUTHLAND COMPANY ("Johnson") and states as follows:

### JURISDICTION AND VENUE

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Family Medical Leave Act ("FMLA") and the Florida Whistleblower Act ("FWA") to recover compensatory damages, lost wages, an additional equal amount as liquidated damages (under the FMLA), and to obtain declaratory relief, and reasonable attorney's fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 28 U.S.C. §1332 as well as 29 U.S.C. § 2615(a)(1) and 29 C.F.R. § 825.220(a)(1), *et seq.*

3. Venue is proper in this Court pursuant to 28 U.S.C § 1391 in that the acts and omissions which give rise to this action occurred with this District.

4. This Court has the authority to grant declaratory relief pursuant to the FMLA, FWA, and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## PARTIES

5. Plaintiff, DONALD DAGGETT was, at all times and continues to be material hereto, a resident of St. Lucie County, Florida.

6. At all times material hereto, Plaintiff worked for Defendant in Palm Beach County, Florida.

7. Defendant, JOHNSON BROS. CORPORATION, A SOUTHLAND COMPANY, is a Texas corporation, that during the events relative to this action did business in Palm Beach County, Florida.

## FMLA AND FWA COVERAGE

8. Defendant is an employer as defined by the FMLA, in that Defendant, during all times relevant and in each year during the relevant statute of limitations, employed fifty (50) or more employees within a seventy-five (75) mile radius of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks prior to seeking leave under the FMLA.

9. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that: (a) he, at different times in 2021 suffered from serious health conditions as defined by the FMLA, which necessitated Plaintiff taking what would have been protected FMLA leave; (b) he was employed by Defendant for at least twelve (12) months prior to necessitating FMLA leave on each occasion; and (c) he worked at least 1,250 hours during the relevant 12-month period prior to him seeking to exercise his rights to FMLA leave.

10. Defendant Johnson employed in excess of ten (10) or more employees during Plaintiff's employment, and is a covered employer as defined by the FWA.

## STATEMENT OF FACTS

### FWA FACTS

11. Mr. Daggett worked for Johnson as a Superintendent from February 3, 2020, until his unlawful demotion to Foreman on or about April 25, 2021, and subsequently terminated on July 2, 2021.

12. On or about April 21, 2021, Johnson's General Superintendent, David Cippalone ("Mr. Cippalone"), asked Mr. Daggett to dig into the ground to locate fiber optic cables prior to commencing his work in that specific area.

13. Immediately, Mr. Daggett objected to, and refused, Mr. Cippalone's request and advised him that he did not have the proper tools and equipment to dig up ground in order to locate the fiber optic cables.

14. Despite being aware that Mr. Daggett did not have the proper equipment to complete such task as required by Chapter 556 of the Florida Statute, Mr. Cippalone demanded that Mr. Daggett follow his orders.

15. Mr. Daggett advised Mr. Cippalone that it is illegal to dig up ground for the purpose of locating fiber optic cables as it not only exposes Johnson to a large fine, but also can cause serious injury to the person digging and power outages in the area.

16. In direct violation of §448.102(3), Florida Statutes, just days following Mr. Daggett's objection and refusal to partake in the illegal activity mentioned above, on or about April 25, 2021, Johnson demoted Mr. Daggett from Superintendent to Foreman, dramatically limiting Mr. Daggett's work hours to forty (40) per week or less and removing him from a salaried employee to an hourly employee with a significant decrease in pay.

17. Despite a decrease in pay, Johnson further retaliated against Plaintiff by continuously tasking him with Superintendent duties in addition to his Foreman responsibilities.

18. On July 2, 2021, Johnson terminated Mr. Daggett allegedly, for his failure to complete a Superintendent job duty.

19. Defendant intentionally refused to follow the proper procedure to locate fiber optic cables and instructed Plaintiff to locate same without the proper equipment and notification required under Chapter 556 of the Florida Statute.

20. Plaintiff's objection/refusal constitutes protected activity pursuant to §448.102(3), Florida Statutes.

21. The timing between Plaintiff's objections/refusal, and his demotion and subsequent termination, establish a temporal nexus of causation between the two (2) events.

22. Johnson terminated Mr. Daggett for no reason other than his objections/refusal to Defendant's demands and illegal activities described above.

23. Defendant does not have a legitimate, non-retaliatory reason for Plaintiff's termination.

24. Plaintiff has retained the law firm of FRIEDLAND & ASSOCIATES, P.A. to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## FMLA FACTS

25. On February 26, 2021, Mr. Daggett underwent knee surgery, whereby he applied, and was approved for, continuous FMLA leave, based on the recommendations/certifications of his physician Dr. Robert A. Sellards.

26. Additionally, Mr. Daggett was diagnosed with a hiatal hernia and

4

gastroesophageal reflux disease ("GERD") with esophagitis, both of which constitute a serious health condition under the FMLA.

27.     Upon Mr. Daggett's return on March 15, 2021, Mr. Daggett submitted updated FMLA paperwork to Johnson in order to return to work with intermittent FMLA leave to be used for follow-up appointments, physical therapy, and during moments of flare ups relative to his serious medical condition.

28.     However, upon his return to work, Johnson retaliated against, and interfered with Mr. Daggett's rights under the FMLA by intentionally and purposefully attempting to sabotage his employment at Johnson by demanding he partake in the illegal activities of which Johnson encouraged, in an attempt to terminate his employment, an act previously done to another employee at Johnson.

29.     Plaintiff has retained the law firm of FRIEDLAND & ASSOCIATES, P.A. to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## VIOLATION OF THE FWA

Plaintiff re-alleges and re-avers paragraphs one (1) through twenty-four (24) of the Complaint, as if fully set forth herein.

30.     On or about April 25, 2021, Defendant Johnson demoted Plaintiff in violation of §448.102 (3), Florida Statutes.

31.     On July 2, 2021, Defendant Johnson terminated Plaintiff in violation of §448.102 (3), Florida Statutes.

32.     Plaintiff was demoted and subsequently terminated for no reason other than

5

Plaintiff objecting/refusing to partake in illegal activity, or what he reasonably believed to be illegal activity, in violation of §448.102(3), Florida Statutes.

33. Plaintiff objected to a violation of a law, rule, or regulation or what he reasonably believed to be a violation of a law, rule, and regulation (cited in Paragraph 19, above) by Defendant Johnson, and was fired as a direct result of same, which constitutes a violation of the FWA.

34. As a result of Defendant Johnson's intentional, willful, and unlawful actions, Plaintiff suffered damages, including, but not limited to lost wages, lost benefits, lost employment status, as well as humiliation, pain and suffering and other monetary and non-monetary losses.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant Johnson for his actual and compensatory damages, including, but not limited to, front pay, back pay, and emotional distress damages, as well as his costs and attorneys' fees, declaratory and injunctive relief and such other relief deemed proper by this Court.

### COUNT II
### VIOLATION OF THE FMLA (INTERFERENCE)

Plaintiff re-alleges and re-avers paragraphs one (1) through ten (10), and twenty-five (25) through twenty-nine (29) of the Complaint, as if fully set forth herein.

35. At all times relevant hereto, Defendant interfered with Plaintiff's rights based on his attempt to use his intermittent FMLA.

36. At all times relevant hereto, Plaintiff's conditions were serious health conditions as defined by the FMLA.

37. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

38. Defendant interfered with Plaintiff's rights under the FMLA, by attempting to force Mr. Daggett to engage in illegal activities described above to justify his termination, upon his return from continuous FMLA, and the start of his intermittent FMLA.

39. Defendant intended to interfere with Plaintiff for attempting to use his intermittent FMLA leave.

40. As a result of Defendant's intentional, willful, and unlawful acts against Plaintiff for attempting to exercise his rights pursuant to the FMLA, Plaintiff suffered damages and incurred reasonable attorneys' fees and costs.

41. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in his favor against the Defendant:

   a. Declaring that Defendant's actions constitute a violation of the FMLA;
   b. Awarding Plaintiff damages arising out of Defendant's illegal actions in violation of the FMLA;
   c. Awarding Plaintiff liquidated damages in an amount equal to damages award;
   d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. § 2615(a)(1);
   e. Awarding Plaintiff pre-judgment interest;
   f. Awarding any and all relief that this Court deems proper under the FMLA.

## COUNT III
## VIOLATION OF THE FMLA (RETALIATION)

Plaintiff re-alleges and re-avers paragraphs one (1) through ten (10), twenty-five (25)

7

through twenty-nine (29), and thirty-five (35) through forty-one (41) of the Complaint, as if fully set forth herein.

42. At all times relevant hereto, Defendant retaliated against Plaintiff based on his attempt to use FMLA.

43. At all times relevant hereto, Plaintiff's conditions constituted serious health conditions as defined by the FMLA.

44. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

45. Defendant retaliated against Plaintiff for attempting to exercise his rights under the FMLA.

46. Defendant intended to retaliate against Plaintiff for attempting to seek FMLA leave.

47. As a result of Defendant's intentional, willful, and unlawful acts against Plaintiff for attempting to exercise his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

48. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in his favor against Defendant:

    a. Declaring that Defendant's actions constitute a violation of the FMLA;
    b. Awarding Plaintiff damages arising out of Defendant's illegal actions in violation of the FMLA;
    c. Awarding Plaintiff liquidated damages in an amount equal to damages award;
    d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the

      litigation pursuant to 29 C.F.R. § 825.220(a)(1);
  e. Awarding Plaintiff pre-judgment interest;
  f. Awarding any and all relief that this Court deems proper under the FMLA.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable as a matter of right by jury.

DATED THIS 2nd day of August 2022

                    FRIEDLAND & ASSOCIATES, P.A.
                    Attorneys for Plaintiff
                    707 NE 3rd Avenue, Suite 201
                    Fort Lauderdale, Florida 33304
                    954 321-8810; 954 321-8995 (facsimile)
                    greeny@yourfightourbattle.com
                    pleadings@yourfightourbattle.com


                    By: /s/*Greeny Valbuena*_____
                    Greeny Valbuena, Esquire
                    FLA. BAR NO.: 1018239
                    Lee Friedland, Esquire
                    FLA. BAR NO.: 991163